IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ELISE SPERO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **NELSON, WATSON & ASSOCIATES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, ELISE SPERO, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, NELSON, WATSON & ASSOCIATES, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ELISE SPERO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Oswego, County of Kendall, State of Illinois.

5. NELSON, WATSON & ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a limited liability company in the State of Massachusetts.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Pinnacle Credit Services.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. On or about March 23, 2009, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Pinnacle Credit Services.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. The aforesaid correspondence stated that if Plaintiff did not pay the balance outstanding on the debt allegedly owed by Plaintiff, Defendant would investigate her assets.

12. Upon information and belief, at the time of the aforementioned correspondence, neither a lawsuit nor a citation to discover assets had been filed by Defendant against Plaintiff.

13. In or around March 2009, Plaintiff contacted Defendant by telephone to discuss the debt allegedly owed by Plaintiff.

14. During the course of the aforementioned telephone conversation, Defendant stated that if Plaintiff did not pay the balance outstanding on the debt allegedly owed by Plaintiff, Defendant would initiate proceedings against her.

15. Upon information and belief, no lawsuit has been filed by Defendant against Plaintiff for the debt she allegedly owed to Pinnacle Credit services.

16. In its attempts to collect the debt allegedly owed by Plaintiff to Pinnacle Credit Services, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

18. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELISE SPERO, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                Respectfully submitted,
                **ELISE SPERO**


      By:    s/ David M. Marco
                Attorney for Plaintiff

Dated: September 25, 2009

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us